[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of her marriage with the defendant. The court heard testimony over the course of two days of trial. Based upon the evidence presented, the court makes the following findings and issues the following orders.
The plaintiff and the defendant married on March 25, 1991. The plaintiff has continuously resided in the state of Connecticut for at least twelve months prior to bringing this action. The marriage has broken down irretrievably.
The plaintiff is twenty eight years old. She is a U.S. citizen. For the past seven years, she has been employed as a registered nurse. She recently returned to school and, in August of this year, she received a physician's assistant degree from Yale University.
The defendant is thirty three years old. He is a citizen of Malaysia. He has a medical degree from St. Georges University Medical School in Grenada, West Indies. The defendant has completed the first two years of a residency program at Yale University. He was not offered a third year in Yale's residency program and he has yet to obtain a confirmed placement for a third year in another residency program.
In addition to the two year residency program, the defendant also worked for two years in a research program at Yale and was paid to moonlight as a physician at various institutions. On July 15, 1996, the defendant obtained his current employment as a research associate at Sound Shore Medical Center in New Rochelle, N.Y.
The plaintiff has been offered a position as a physician's assistant at Yale-New Haven Hospital which she expects to begin on November 1, 1996. Her starting salary will be at least $46,000 and could be as high as $49,000.
The defendant presently receives a gross annual income of $40,000 through his employment as a research associate at Sound Shore Medical Center.
The parties first met in 1989 at Coney Island Hospital. The plaintiff was a registered nurse and the defendant was a medical student completing his clinical training in the United States. As noted, the parties married on March 25, 1991. The defendant received his medical degree in June 1991. The defendant was CT Page 6179 accepted into a two year residency program at Yale University and the parties moved to New Haven shortly after graduation.
The defendant became a permanent resident of the United States as a result of his marriage to the plaintiff. The court does not find that the defendant married the plaintiff so that he could achieve permanent residence status. The defendant had other avenues available to him to remain in the United States.
The parties provided the court with conflicting views of the reasons for the marital breakdown. The plaintiff testified that the cause of the dissolution was the deceit and deception practiced by the defendant in furthering his relationship with another woman.
The defendant testified that their marriage was destroyed by their lack of communication and their constant fighting.
The court finds that the defendant bears primary responsibility for the breakdown of the marriage. He established romantic ties to another woman that undermined his relationship with his wife.
The defendant presently owns 210 shares of stock in a business called Medlink, Inc., which is in the process of developing medical diagnostic and billing software. In February 1995, he obtained two personal loans totalling $37,000 in order to purchase an initial 30 shares of stock. From 1994 through 1996, the defendant spent considerable hours, without pay, assisting Medlink in the development of its software. In April 1996, the defendant received an additional 180 shares of Medlink stock in consideration of the time he had invested in the company. The plaintiff has invested neither time nor money in Medlink.
The development of the software by Medlink, Inc. has been fraught with delays and is behind schedule. Medlink currently has no paid employees, no product to sell and no sales. Its stock has not yet been valued by the corporation and neither party offered any evidence of the stock's value.
The marriage of the parties was of a relatively short duration, a total of five years prior to the divorce action being filed. The parties currently have substantially similar incomes. The plaintiff faces a promising future as a physician's CT Page 6180 assistant, having furthered her education during the marriage with the help of the defendant. The defendant, on the other hand, confronts substantial obstacles in his pursuit of a third year of residency and, unlimately, certification as a doctor. The parties have few remaining financial ties to each other that require restructuring by the court and no need for ongoing financial support from the other.
In determining the orders contained herein, I have carefully considered all the relevant statutory criteria, including those contained in Conn. General Statutes § 46b-81 as they relate to the assignment of property and § 46b-82 as they relate to the award of alimony. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
2. The defendant shall pay the plaintiff lump sum alimony in the amount of $10,000 to be paid as follows: $2,500 on or before January 1, 1997; $2,500 on or before July 1, 1997; $2,500 on or before January 1, 1998; and $2,500 on or before July 1, 1998.
3. The defendant shall be the sole owner of the 1987 GMC truck.
4. The plaintiff shall be solely responsible for the lease for the Infiniti automobile and shall indemnify and hold the defendant harmless with respect to said lease.
5. The plaintiff shall be solely responsible for the education loans incurred to obtain her physician's assistant degree and indemnify the defendant and hold him harmless with respect to said loans.
6. Each of the parties shall be solely responsible for the liabilities listed on their respective financial affidavits.
7. The defendant shall retain sole ownership of the shares of Medlink stock.
8. The personal property of the parties shall be divided between them. The Family Relations Office shall be used to mediate any dispute over the allocation of specific items of personal property. To the extent the parties cannot reach agreement on the distribution of personal property after CT Page 6181 mediation by Family Relations, the court will retain jurisdiction to resolve the dispute.
9. Each party shall be responsible for their respective attorney's fees.
10. The plaintiff's birth name of Emine Alijaj is restored.
Jon M. Alander, Judge